By the Court, Jones, J.
It is not entirely clear whether this motion is based on the default taken in court on the 8th April, or on the defendants’ default in not keeping the parol agreement made in reference to that default, by attending at the office of the attorney for the plaintiffs for examination.
If based on the > default taken in court, then (throwing out of consideration for the present the parol agreement relating to it) the plaintiffs’ attorneys have by their subsequent acts in assigning days for the examination of the defendants at their office, and postponing such examination from time to time, waived the default.
Viewing the case in .the light of the parol agreement made in respect of the default, and taking that agreement to be as the plaintiffs’ attorney alleges, to wit, “ that if the defendants would come to his office and be examined, he would accept such attendance and waive the default,” then if the defendants are not in fault by failing to so attend and be examined, the plaintiffs’ attorney cannot insist on the default taken April 8th.
The affidavits show that the defendants are not so in fault. The affidavits of Alvar De Comean and of the defendants’ attorney show that on the last occasion, when a time was fixed for examinations, one of the defendants attended, but the plaintiffs’ attorney being unable to go on with the examination, it was postponed as to both defendants. Ho day was fixed to which the examination was to be postponed, but the plaintiffs’ attorney was to give a reasonable notice when he required the defendants’ attendance. Ho such notice has been given.
*663 There is no contradiction to this. The affidavit of the plaintiffs’ attorney does not contradict it.
If the motion is based on the defendants’ default in not keeping the parol agreement made in reference to the default taken in court, then the affidavits show (as above held) no such default.
Order below reversed, and a new order made denying motion, with |10 costs. No costs to either party on appeal.